# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Larry Golden, | C/A No. 6:20-cv-02270-BHH-KFM |
| Plaintiff, | **REPORT OF MAGISTRATE JUDGE** |
| vs. | |
| Apple Inc., Samsung Electronics USA, LG Electronics USA Inc., Qualcomm Inc., Ford Global Technologies LLC, General Motors Company, FCA US LLC, | |
| Defendants. | |

The plaintiff, a non-prisoner proceeding *pro se* and *in forma pauperis*, brings this action asserting patent infringement, violations of the Sherman Act, violations of the Clayton Act, and violations of South Carolina Law by the defendants. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on June 16, 2020 (doc. 1). By order filed July 14, 2020, the plaintiff was given a specific time frame in which to bring his case into proper form for judicial screening (doc. 9). The plaintiff complied with the court's order, and the case is now in proper form. Nevertheless, upon review, the plaintiff's complaint is subject to summary dismissal.

## FACTS PRESENTED

In the instant action, the plaintiff has sued various corporations and business entities that he asserts have engaged in a "secret conspiracy" to prevent the plaintiff from entering the market with his Communicating, Monitoring, Detecting, and Controlling (CMDC)

device for which he has several patents (doc. 1). The plaintiff also alleges that the defendants have deprived him of royalty compensation and/or licensing compensation as a result of their actions (*id*.). The plaintiff filed this action as a purported class action, alleging that the purported class (defined as each South Carolina tax-paying citizen) has been indirectly harmed by the defendants' actions based upon lost tax revenue from the plaintiff (*id*.).

As noted above, the plaintiff alleges that CMDC devices being marketed by the defendants infringe upon patents 10,163,287 ('287 patent); 9,589,439 ('439 patent); 9,096,189 ('189 patent); RE43,990 ('990 patent); RE43,891 ('891 patent); and 7,385,497 ('497 patent) and that he is owed royalties (*id*.). These patents are entitled "multi sensor detection and lock disabling system" and "multi sensor detection, stall to stop and lock disabling system" (*id*.). The plaintiff's complaint, which spans 82 pages, contains formulaic recitations of the elements of claims pursuant to the Sherman Act, the Clayton Act, and pursuant to South Carolina law (*id*.). For relief, the plaintiff seeks certification of this action as a class action, a declaration that the defendants have engaged in actions which violate federal and state law, a permanent injunction enjoining the unlawful actions by the defendants, as well as money damages (*id*. at 80–82).

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a Defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading

to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## **DISCUSSION**

Here, the plaintiff returns to this court seeking damages from the defendants for damages based upon patents he holds for CMDC devices (*see generally* doc. 1). Relevant to this action, the instant matter represents the plaintiff's fourth action regarding the patents (and infringing actions) at question herein.[1] *See Golden v. Apple Inc., et al.*, C/A No. 6:19-cv-02557-DCC, 2020 WL 415896 (D.S.C. Jan. 27, 2020), *aff'd* C/A No. 20-1508, --- F. App'x ---, 2020 WL 5240656 (Fed. Cir. Sept. 3, 2020) ("Case Number 3"); *Golden v. United States*, C/A No. 1:19-cv-00104-EGB (Fed. Cl.), *dismissal aff'd* 955 F.3d 981 (Fed. Cir. 2020) ("Case Number 2"); *Golden v. United States*, C/A No 1:13-cv-00307-

---

[1] *Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

SGB, *stayed pending patent review*, at doc. 186 (Fed. Cl.) ("Case Number 1"); *In re Patent Number* RE 43,990, https://portal.uspto.gov/pair/PublicPair# (choose patent number, enter RE43990, and then click Image File Wrapper) (last visited September 3, 2020), petition denied June 25, 2020.

Two of the plaintiff's actions, Case Number 1 and Case Number 2, were brought in the Court of Federal Claims. *See Golden*, C/A No. 1:19-cv-00104-EGB; *Golden*, C/A No 1:13-cv-00307-SGB. The plaintiff filed Case Number 1 on May 1, 2013, in the United States Court of Federal Claims. *Golden*, C/A No. 1:13-cv-00307-SGB at doc. 1. In Case Number 1, the plaintiff alleged patent infringement by the United States government pursuant to 28 U.S.C. § 1498(a). *Id*. In Case Number 1, on August 10, 2017, the plaintiff filed his fifth and final amended complaint. *Id*. at doc. 120. The government then filed a motion for partial dismissal of the action. *Id*. at doc. 123. The Honorable Susan G. Braden, United States District Judge, issued an order granting-in-part the government's motion. *Golden v. United States*, 137 Fed. Cl. 155 (Fed. Cl. Mar. 29, 2018). In that order, Judge Braden referenced correspondence by the plaintiff, which noted that he would file a separate action in order to:

> force Apple, Samsung, and LG to decide between one or two choices: (1) In an effort to avoid any responsibility for infringement or liability of paying hundreds of billions of dollars in damages, the companies cho[o]se to throw the Government under the bus by presenting evidence that they were under contract to develop and manufacture devices that infringes my communication/monitoring device. If they cho[o]se this option it makes them a witness for me in my current case (*Larry Golden v. The United States*; Case # 13–307 C). (2) Deny the allegations of infringement. In this case I will present evidence to support the fact that the companies were under contract with the Government to develop and manufacture devices that infringe[ ] my communication / monitoring device, but that the companies decided to continue to develop and manufacture my communication / monitoring device beyond the specifications agreed upon with the Government, even after I notified the companies in 2010 to stop their manufacturing. If they chos[o]e this option it opens the companies up to willful infringement and the possibility of a temporary injunction to stop the manufacturing and development of my communication /

4

> monitoring device. If you were Apple, Samsung, and LG which option would you cho[o]se?

*Golden v. United States*, 137 Fed. Cl. at 168 (alterations in original). After his appeal of the partial dismissal order was denied, the plaintiff filed a motion to stay Case Number 1 because he was seeking additional *inter partes* review of some of the claims of his '990 Patent. *Golden*, C/A No. 1:13-cv-00307-SGB, at doc. 182. The plaintiff's motion was granted on July 18, 2019, and Case Number 1 remains stayed at this time. *Id*. at doc. 186.

The plaintiff filed Case Number 2 in the United States Court of Federal Claims on January 17, 2019, during the pendency of the motion to dismiss in Case Number 1. *Golden v. United States*, C/A No. 1:19-cv-00104-EGB, at doc. 1 (Fed. Cl.). Case Number 2 asserted Fifth Amendment takings clause claims against the government for the same patents as in Case Number 1. *Id*. The government moved to dismiss Case Number 2, arguing that the complaint in Case Number 2 was duplicative of the takings clause claims asserted in Case Number 1. *Id*. at doc. 6. On May 14, 2019, the government's motion was granted and Case Number 2 dismissed. *Id*. at doc. 12. The dismissal was affirmed by the United States Court of Appeals for the Federal Circuit. *Golden v. United States*, 955 F.3d 981 (Fed. Cir. 2020).

On July 2, 2019, through counsel, the plaintiff filed a petition with the United States Patent and Trademark Office ("USPTO") seeking to "Strike *Ultra Vires* Inter Partes Review Certificate from the Prosecution File of RE43,990 Based on *Return Mail v. U.S. Postal Service*." *In re Patent Number* RE 43,990, https://portal.uspto.gov/pair/PublicPair# (choose patent number, enter RE43990, and then click Image File Wrapper) (last visited September 3, 2020). On June 25, 2020, the USPTO issued a decision denying the plaintiff's petition. *Id*.

During this same time, on September 11, 2019, the plaintiff filed Case Number 3 in this court, seeking damages from various third-party companies for patent infringement.

5

*See Golden v. Apple, Inc., et al.*, C/A No. 6:19-cv-02557-DCC (D.S.C.). In that action, the plaintiff sought damages based upon the same patents and infringing actions as in Case Number 1 and Case Number 2, but sought the damages against the third-party companies instead of the government. *Id*. at doc. 1. Case Number 3 was dismissed as being duplicative of Case Number 1. *Id*. at doc. 32. The dismissal was affirmed as modified by the United States Court of Appeals for the Federal Circuit as frivolous. *Golden*, 2020 WL 5240656. In the order, the Court of Appeals noted:

> Golden's amended complaint here, like his initial complaint, even if not duplicative of the earlier filed action against the government, "contains only conclusory formulaic recitations of the elements of patent infringement as to each defendant." Magistrate Judge Initial Order at 5, *Golden v. Apple Inc.*, No. 6:19-cv-02557 (D.S.C. Oct. 1, 2019), ECF No. 12. Count I of Golden's Amended Complaint, for example, merely states that "at least one of the defendants named in this complaint has infringed at least independent claim 4 & 5 of the '287 patent," Complaint at ¶ 156, *Golden v. Apple Inc.*, No. 6:19-cv-02557 (D.S.C. Oct. 15, 2019), ECF No. 16-1, followed by generalized statements of infringement by each defendant, *id.* at ¶¶ 157–204, and similar broad infringement allegations for each of Golden's other patents, *id*. at ¶¶ 205–384. The complaint itself offers only vague generalities and block quotes of statutes, cases and treatises, but nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant.
>
> The complaint also references "claim charts" for each defendant and each patent. *E.g., id.*, ECF No. 16-14. These claim charts present a dizzying array of disorganized assertions over several hundred pages, disingenuously using the words of the claims to generally describe cryptically identified structures. Although Golden appeals pro se and is therefore entitled to a certain leeway in interpreting his complaint, we agree with the magistrate judge's conclusion that "the plaintiff's vague and conclusory allegations fail to state a claim for relief." Magistrate Judge Initial Order at 5.

*Id*. at *2.

On June 16, 2020, the plaintiff filed the instant action, seeking damages against many of the same defendants as named in Case Number 3 (doc. 1). Having unsuccessfully sought patent infringement damages against these defendants in Case Number 3, the instant matter seeks relief for patent infringement and failure to pay royalties,

although the plaintiff has attempted to circumvent the court's prior ruling by asserting that the defendants' actions have violated the Sherman Act, the Clayton Act, and various South Carolina Laws (*see generally* doc. 1). Nevertheless, as set forth in more detail below, the instant matter is subject to summary dismissal because the claims appear patently frivolous.

**Class Action Request**

As noted above, the plaintiff purports to file this matter as a class action on behalf of all South Carolina tax payers (*see* doc. 1). The plaintiff contends that the potential class involves common questions of law or fact relating to lost tax revenue that the plaintiff would have been required to pay to the state of South Carolina if the defendants had appropriately licensed his CMDC device and paid him royalties (*id*.). However, the plaintiff cannot file or maintain a lawsuit on behalf of others. *See Myers v. Loudon Cty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) (noting that although an individual has the right to represent himself/herself by statute—28 U.S.C. § 1654—that right does not "create a coordinate right to litigate for others"). Due to this, in its order dated July 14, 2020, the court notified the plaintiff that this action would be considered as filed solely on the plaintiff's behalf (doc. 9 at 1).

**Frivolousness**

As an initial matter, as set forth by this court in its July 14, 2020, order, this action has been opened as a patent infringement matter because although the plaintiff's complaint asserts various claims, they all rely upon alleged infringement of the plaintiff's patents (doc. 9 at 1 (citing *Erickson*, 551 U.S. at 89)). Indeed, the plaintiff, who unsuccessfully sought damages against many of the defendants in the court for patent infringement in Case Number 6:19-cv–2557-DCC, here, appears to seek relief for the same infringing actions by dressing the case as asserting violations of the Sherman Act, the

Clayton Act, and various South Carolina Laws (*see generally* doc. 1).  Upon review, however, the claims appear patently frivolous.

In reviewing a complaint for frivolousness or malice, the Court looks to see whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)); *see also Feurtado v. McNair*, No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007), *petition for cert. dismissed*, 553 U.S. 1029 (2008).

Liberally construing the plaintiff's complaint, the plaintiff alleges claims of patent infringement and violations of Section 1 of the Sherman Act and Sections 4 and 16 of the Clayton Act (*see* doc. 1).  Sections 1 and 2 of the Sherman Act are actionable "by private individuals only through Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 & 26.  Section 4 of the Clayton Act allows private enforcement of the antitrust laws through a treble damages action by any person who shall be injured in his business or property" by actions forbidden in the antitrust laws.  *Jones v. Luthi*, C/A No. 6:06-cv-02202-PMD-JRM, 2008 WL 2354909, at *4 (D.S.C. Feb. 15, 2008), *Report and Recommendation adopted as modified by* 586 F. Supp. 2d 595 (D.S.C. 2008) (internal quotation marks omitted) (quoting *Re/Max Int'l v. Realty One, Inc.*, 900 F. Supp. 132, 145 (N.D. Ohio 1995)).

First, as noted by this court previously, the plaintiff's patent infringement claims are subject to dismissal because the plaintiff has failed to include factual allegations beyond the identities of the defendants, reference to the CMDC device, and the alleged infringed-upon patents (*see generally* doc. 1).  *See Golden v. Apple, Inc., et al.*, 2020 WL 5240656, at *2 (affirming in a prior case the dismissal of patent infringement claims because the complaint contained only "vague generalities and block quotes of statutes,

8

cases, and treatises, but nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant"). Here, the plaintiff cannot circumvent the court's prior ruling by labeling substantially similar allegations as seeking damages under the Sherman/Clayton Acts instead of for patent infringement.

Moreover, although the plaintiff asserts that this action is not one seeking damages for patent infringement (*see* doc. 7), the alleged antitrust allegations herein rely upon the plaintiff's assertion that the defendants' actions constitute patent infringement (and thus that they owe him licensing royalties). Indeed, the plaintiff's antitrust allegations, in essence, are that he has been prevented from accessing the market for CMDC devices because the defendants have refused to pay him licensing royalties. Nevertheless, even ignoring this pleading deficiency, the complaint still fails because it "offers only vague generalities and block quotes of statutes, cases and treatises, but nowhere points [] to any nonfrivolous allegations of . . . any claim". *Golden*, 2020 WL 5240656, at *2. Accordingly, in light of the vague conclusory allegations in the complaint, and the plaintiff's attempt to circumvent the dismissal of his patent infringement claims, the instant matter is subject to summary dismissal as frivolous. *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (noting that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**South Carolina State Law Claims**

To the extent the plaintiff's complaint can be construed as seeking damages based upon violations of South Carolina Law, such claims are also subject to summary dismissal. The plaintiff appears to assert that the defendants violated his rights under South Carolina Unfair Trade Practices Act (SCUTPA) (doc. 1). The SCUTPA prohibits any "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code § 39-5-20. Plausibly alleging a violation of the

SCUPTA requires showing that (1) the defendant engaged in an unlawful trade practice; (2) the plaintiff suffered actual, determinable damages as a result of the use of the unlawful trade practice by the defendant; and (3) the unlawful trade practice had an adverse impact on the public interest. *Havird Oil Co. v. Marathon Oil Co.*, 149 F.3d 283, 291 (4th Cir. 1998). Trade practices are considered unfair under the SCUTPA when they are "offensive to public policy or when [they are] immoral, unethical, or oppressive." *Johnson v. Collins Ent. Co.*, 564 S.E.2d 653, 665 (S.C. 2002), *overruled on other grounds by Proctor v. Whitlark & Whitlark, Inc.*, 778 S.E.2d 888 (2015). The plaintiff's complaint does not contain specific allegations regarding what actions of the defendants the plaintiff contends violate the SCUTPA. Nevertheless, the plaintiff's SCUTPA claims fail because the plaintiff has not shown that the defendants' actions adversely affected the public interest. *See Network Computing Services Corp. v. Cisco Systems, Inc.*, 152 F. App'x 317, 321 (4th Cir. 2005) (noting that public harm under the SCUTPA must be shown by specific facts) (internal citation omitted). Indeed, the only alleged public harm that can be construed from the plaintiff's complaint is a nebulous assertion that the state of South Carolina would have benefitted from taxes paid by the plaintiff based upon millions of dollars in royalties the plaintiff alleges he is due from the defendants (doc. 1). Such allegations fail to cross the line from conceivable to plausible. *See Iqbal*, 556 U.S. at 678 (noting that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (*citing Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 556–57 (2007)). As such, the plaintiff's South Carolina State Law Claims based upon the SCUTPA are also subject to summary dismissal because they are frivolous.

**RECOMMENDATION**

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending his complaint. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605 (4th Cir. 2020) (citing *Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619 (4th Cir. 2015)*; In re GNC Corp.*, 789 F.3d 505 (4th Cir. 2015); *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342 (4th Cir. 2005); *Domino Sugar Corp. v. Sugar Workers Local Union 392 of United Food and Commercial Workers Int'l Union*, 10 F.3d 1064 (4th Cir. 1993)). As noted in more detail above—the present action by the plaintiff relies upon allegations in his prior unsuccessful action and is frivolous. Thus, the undersigned recommends that the court decline to automatically give the plaintiff leave to amend his complaint. Accordingly, based upon the foregoing, the Court recommends that the District Court dismiss this action without prejudice and without issuance and service of process. In light of the plaintiff's prior frivolous filing in this court (and litigation history in the Court of Federal Claims), it is further recommended that the United States District Judge assigned to this case consider the entry of sanctions against the plaintiff in the future should the plaintiff continue to file frivolous litigation in this court. **The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

September 11, 2020
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>300 East Washington Street, Room 239
>Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).