RECEIVED
USDC CLERK, GREENVILLE, SC
2020 SEP 16 PM 12:56

**UNITED STATES DISTRICT COURT**

**FOR THE**

**DISTRICT OF SOUTH CAROLINA - GREENVILLE**

| | |
|---|---|
| LARRY GOLDEN, <br><br> *Plaintiff*, <br><br> V. <br><br> (1) APPLE INC. <br> (2) SAMSUNG ELECTRONICS, USA <br> (3) LG ELECTRONICS, USA, INC. <br> (4) QUALCOMM INC. <br> (5) FORD GLOBAL TECHNOLOGIES, LLC <br> (6) GENERAL MOTORS COMPANY <br> (7) FCA US LLC <br><br> *Defendants*. | CASE NO: 6:20-cv-02270-BHH-KFM <br><br> **JURY TRIAL DEMANDED** <br><br> September 16, 2020 |

**<u>PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE KEVIN F.</u>**

**<u>MCDONALD'S REPORT AND RECOMMENDATION</u>**

Plaintiff's specific written objections to the Magistrate Judge "Report and Recommendations" are:

1. Plaintiff objects to the Magistrate Judge changing Plaintiff's cause of action from "violation of antitrust laws" to "patent infringement".

2. Plaintiff objects to the Magistrate combining (joining) Plaintiff's cause of action of "violation of antitrust laws" with that of "patent infringement" for adjudication.
3. Plaintiff objects to the Magistrate Judge recommendation that this case be dismissed under RCFC 12(b)(l)—Lack of subject matter jurisdiction.
4. Plaintiff objects to the Magistrate Judge recommendation that this case be dismissed under RCFC 12(b)(6)—Failure to state a claim.
5. Plaintiff objects to the Magistrate Judge racially motivation recommendation of imposing sanctions on Plaintiff for being a Black inventor who is filing complaints against 'white' defendants.

Pursuant to "Canon 2: A Judge Should Avoid Impropriety and the Appearance of Impropriety in all Activities. The duty under Canon 2 to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary applies to all the judge's activities, including the discharge of the judge's adjudicative and administrative responsibilities. The duty to be respectful includes the responsibility to avoid comment or behavior that could reasonably be interpreted as harassment, prejudice or bias."

The Plaintiff is recommending the dismissal of Kevin F. McDonald as a Magistrate Judge for harassment, prejudice, and bias in this case no. 6:20-cv-02270-BHH.

Pursuant to "Canon 3: A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently. (C) Disqualification. (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which: (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

The Plaintiff is recommending Magistrate Judge Kevin F. McDonald disqualify himself and retract his "report and recommendations" from this proceeding (case no. 6:20-cv-02270-BHH) because Plaintiff believes the judge's impartiality might reasonably be in question, and he has a personal bias and prejudice concerning the plaintiff; who is a Black inventor seeking relief from "white" defendants for violation of antitrust laws.

Upon information, belief and personal experience in reviewing Magistrate Judge Kevin McDonald's work, he is not qualified, capable, or competent to adjudicate this antitrust case because of the complexed statures surrounding antitrust violations. Mr. McDonald further complicated matters for himself when he attempted to adjudicate this case, after combining the provisions of antitrust law with that of patent infringement. The first line of Magistrate Judge McDonald's "'Report of Magistrate Judge': '[t]he plaintiff, a non-prisoner proceeding pro se and in forma pauperis, *brings this action asserting patent infringement*, violations of the Sherman Act, Violations of the Clayton Act, and violations of South Carolina Law by the defendants'". I don't know if the Magistrate Judge is lying for me or lying on me, all I know is that I *never*, throughout the entire complaint alleged patent infringement against any of the Defendants.

According to Joseph Cranney, *The Post and Courier*, Nov. 27, 2019, 5 a.m. EST who writes, "THE UNTOUCHABLES—Investigating South Carolina's Judges: These Judges Can Have Less Training Than Barbers but Still Decide Thousands of Cases Each Year." "South Carolina's system for magistrate judges is unlike any state in the country, creating fertile ground for incompetence and corruption. Most aren't lawyers, but their decisions can have lasting effects on the vulnerable people who come before them… [o]ver the past two decades, magistrates have accepted bribes, stolen money, forced themselves on women and sprung their friends from jail. They've flubbed trials, trampled over constitutional protections… [u]nlike

3

most states, South Carolina doesn't require its magistrates to have law degrees… their numbers have included construction workers, insurance agents, pharmacists — even an underwear distributor… they undergo fewer hours of mandated training than the Palmetto State requires of its barbers, masseuses and nail salon technicians… [t]o better understand this system, *The Post and Courier and ProPublica* examined thousands of state records and compiled profiles of all 319 South Carolina magistrates…"

## HISTORY OF PREJUDICE AND PERSONAL BIAS

**Prejudice and Personal Bias: Plaintiff's Infringement Case No. 6:19-cv-02557**

Upon information and belief, I believe the Magistrate Judge and the District Court Judge has a personal bias and prejudice toward me because I am Black. I believe further, that the Magistrate Judge lack the ability to be impartial, favors the defendants and the defendant's attorneys because they all are "white". "Canon 3: A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently (C) Disqualification. (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which: (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

Did the Magistrate Judge and the District Court Judge in this related patent infringement case no. 6:19-cv-02557, err when they adjudicated my case on the grounds that: "Golden's amended complaint here, like his initial complaint, even if not duplicative of the earlier filed action against the government, "contains only conclusory formulaic recitations of the

elements of patent infringement as to each defendant." Magistrate Judge Initial Order at 5, *Golden v. Apple Inc.*, No. 6:19-cv-02557 (D.S.C. Oct. 1, 2019), ECF No. 12."?

As a Pro Se, I researched patent infringement complaints submitted to the federal courts by "whites" from all over the country. The research reveals that the general format or standards for pleading patent infringement are basically the same. As a Pro Se, I followed the format for drafting patent infringement complaints that was submitted by "whites", accepted by the Judges, and not challenged by the defendants on jurisdiction or whether the plaintiff has stated a claim for which relief can be granted.

Following, are three cases filed as a cause of action "patent infringement": The United States District Court for the District of Minnesota in No. 0:17-cv-00369; *MetroSpec Technology LLC v. Hubbell Lighting, Inc.* Date filed: 02/03/2017, COUNT I: (Infringement of the '631 Patent); The United States District Court for the District of South Carolina in No.6:19-cv-01322-DCC *Corning Optical Communications LLC v. FiberSource Inc.* **Donald C Coggins, Jr**, presiding; Date filed: 05/06/2019; Date of last filing: 08/19/2020, COUNT I: Patent Infringement of U.S. Patent No. 7,090,406 B2; and, The United States District Court for the District of South Carolina in No. 6:19-cv-02557-DCC *Golden v. Apple, Inc.* **Donald C Coggins, Jr**, presiding, COUNT I: (Infringement of the '287 Patent).

Although all of the pleadings are basically the same, the only case that was challenged and denied under Rule 12(b)(6) at the District level, and again at the Appeals level for "frivolousness" and "conclusory formulaic recitations of the elements of patent infringement as to each defendant" is Golden, a Black man, in *Golden v. Apple, Inc.*

Did the Magistrate Judge and the District Court Judge in this related patent infringement case no. 6:19-cv-02557, err when they adjudicated my case on the grounds that:

"followed by generalized statements of infringement by each defendant, id. at ¶¶ 157– 204, and similar broad infringement allegations for each of Golden's other patents, id. at ¶¶ 205–384"?

Unlike the other two examples above, *MetroSpec Technology LLC v. Hubbell Lighting, Inc.* and *Corning Optical Communications LLC v. FiberSource Inc.*, whose complaints were accepted without a challenge of 12(b)(6), my statements are not broad, but instead, they are narrowed to specifically identify the alleged infringement product(s) of the defendants, the products' function or purpose, and the specific patent claims I have alleged the defendants are infringing:

> "… (i.e. iPhone 7 series, iPhone 8 series, iPhone X series, iPhone XS series, iPhone XR series, iPhone 11 series, and Apple Watch series 3, 4, & 5) included without limitation the Plaintiff's CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device."

Did the Magistrate Judge and the District Court Judge in this related patent infringement case no. 6:19-cv-02557, err when they adjudicated my case on the grounds that: "the complaint itself offers only vague generalities… nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant"? Below, is an example of my pleadings for Apple Inc. in the amended complaint, but is illustrative of all the pleadings for all the defendants:

> "in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. iPhone 7 series, iPhone 8 series, iPhone X series, iPhone

XS series, iPhone XR series, iPhone 11 series, and Apple Watch series 3, 4, & 5)" ¶ 157; "[a]s set forth in Golden's preliminary infringement contentions that Apple is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '287 patent and Apple is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271" ¶ 157; "in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. iPhone 7 series, iPhone 8 series, iPhone X series, iPhone XS series, iPhone XR series, iPhone 11 series, and Apple Watch series 3, 4, & 5)" ¶ 158; and, "[a]s set forth in Golden's preliminary infringement contentions that Apple is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '287 patent and Apple is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271." ¶ 158

Therefore, when the Magistrate Judge and the District Court Judge relied upon, "nowhere points us to any nonfrivolous allegations of infringement of any claim by any actual product made, used, or sold by any defendant", that is simply not true. As noted above, I alleged that each defendant, "among other things, making, using, offering for sale, selling and/or importing computerized communications devices"; "is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '287 patent".

Did the Magistrate Judge and the District Court Judge in this related patent infringement case no. 6:19-cv-02557, err when they determined my factual allegations was not enough to raise a right to relief above the speculative level?

Unlike the other two examples above, *MetroSpec Technology LLC v. Hubbell Lighting, Inc.* and *Corning Optical Communications LLC v. FiberSource Inc.,* whose complaints were accepted without a challenge of 12(b)(6), and without having to submit claim charts, I submitted at least twenty (20) claim charts, two (2) CD's, and response letters from members of the executive and legislative branches of government as evidence of conception. *Summagraphics Corporation v. U.S.* "to help construct clear claim arguments, the court determined that 'Partial Dismissal Order made clear this court's intention that patent claims not delineated in plaintiff's

pretrial statement shall no longer be asserted in this case... [p]laintiff's pretrial statement failed to include claim charts relating to the Nadon patent; thus, plaintiff shall also be precluded from asserting the Nadon patent at trial... '[s]et as precedent, all litigation that occurs now includes detailed claim charts well before discovery has ended'. I submitted claim charts to satisfy the requirement of 'enough [factual allegations] to raise a right to relief above the speculative level'". Below is an illustration of the claim charts submitted with the amended complaint:

> "**AMENDED COMPLAINT** against AT&T Inc, Apple Inc, Big O Dodge Chrysler Jeep Ram, FCA US LLC, Fairway Ford Lincoln of Greenville, Ford Global Technologies LLC, General Motors Company, Kevin Whitaker Chevrolet, LG Electronics USA Inc, Motorola Solutions Inc, Panasonic Corporation, Qualcomm Inc, Samsung Electronics USA, Sprint Corporation, T-Mobile USA Inc, Verizon Corporate Services Group, filed by Larry Golden. Service due by 1/13/2020 (Attachments: # 1 attachment to complaint "Amended complaint", # 2 List of companies, # 3 Exhibit A Patent No 10,163,287, # 4 Exhibit B Patent No 9,589,439, # 5 Exhibit C Patent No 9,096,189, # 6 Exhibit D Patent No RE43,990, # 7 Exhibit E Patent No RE43,891, # 8 Exhibit6 F Patent No 7,385,497, # 9 Exhibit G USPTO Disclosure Document, # 10 Filed separately as a Non Standard Item (CD), # 11 Exhibit I Filed Separately as a Non Standard Item (CD), # 12 Exhibit J Response Letters, # 13 Exhibit K Claim Chart for the 287 Patent, # 14 Exhibit L Claim chart for Apple Inc, # 15 Exhibit M Claim Chart for Samsung, # 16 Exhibit N Claim Chart for LG Electronics, # 17 Exhibit O Claim chart for Qualcomm, # 18 Exhibit P Claim chart for Motorola Solutions, # 19 Exhibit Q Claim Chart for Panasonic, # 20 Exhibit R Claim Chart for Ford, # 21 Exhibit S Claim Chart for Chevrolet, # 22 Exhibit T Claim chart for FCA, # 23 Exhibit U Claim Chart for 439 Patent, # 24 Exhibit V Claim Chart for the 189 Patent (appears to be multiple groups of page numbers), # 25 Exhibit W Claim Chart for 990 Patent, # 26 Exhibit X Claim Chart for 891 Patent, # 27 Exhibit Y Claim Chart for 497 Patent) See non-standard item entries 17 and 18 . (kric, ) Modified on 10/15/2019 to add linkage. (kric, ). (Entered: 10/15/2019)"

In preparation of my amended complaint, I was well aware that my allegations of direct infringement are subject to the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). I knew that under this standard, a court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, and that this "facial plausibility" standard requires "more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Id*. at 555. Rather, it requires me to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; see *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). I understood that although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 570, I chose to prepare an amended complaint of "heightened fact pleading of specifics". I alleged in my amended complaint "enough fact[s] to raise a reasonable expectation that discovery will reveal…" that the defendant(s) are liable for the misconduct I alleged. *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (alteration in original) (quoting *Twombly*, 550 U.S. at 556).

After reviewing my amended complaint, the Magistrate chose not to continue with his recommendation of dismissal of my case on the grounds that the now *new* amended complaint is "frivolous and fail to state a claim upon which relief may be granted", but recommended dismissal of my case "in light of pending duplicative litigation".

The district court Judge adopted the Magistrate's report recommending dismissal of my case 6:19-cv-02557-DCC, as duplicative of a pending litigation in case no. 13-307C, at the Court of Federal Claims and issued the order on 01/27/2020.

On appeal to the United States Court of Appeals for the Federal Circuit; I appealed the Magistrate's recommendation of dismissal of my case on the grounds of pending duplicative litigation, and the district court Judge adoption the Magistrate's report recommending dismissal of my case as duplicative of a pending litigation. The Magistrate and Judge for the lower court, <u>NEVER</u> recommended dismissal of my *amended* complaint on the grounds that the *amended* complaint was "frivolous and fail to state a claim upon which relief may be granted". The Circuit Judge did not dismiss on the grounds of duplicity. **Exhibit A**: Rehearing *En Banc*

The Magistrate chose to harass me because I was filing an appeal. When I took my appeal documents to the Greenville Division, I informed the Magistrate that because it was an appeal from the District Court for alleged patent infringement, the documents should be forwarded to the United States Court of Appeals for the Federal Circuit and not to the United States Court of Appeals for the Fourth District. He forwarded the docs to the 4th District.

I made several calls to the Magistrate Judge Kevin McDonald, requesting he forward the appeal documents to the Federal Circuit. I also made several calls to the Fourth District and to the Federal Circuit in search of the documents. Finally, I was on the line with the Clerk at the Federal Circuit who ask me to hold while she calls the District Court (Magistrate Judge Kevin McDonald) and put in a request for the documents. When the Clerk returned to the phone, she stated the District Court was going to send the documents right away. It took a "white" person to ask that the documents be sent before the Magistrate Judge would send them.

Clearly the standard for submitting pleadings, according to the Magistrate Judge and the District Court Judge is higher for Blacks than they are for "whites". It is my belief, the Magistrate Judge is willing to dismiss my case for any reason, to include but not limited to: my race; to protect the defendants; to protect the government; and/or, to protect the other Judges.

**Prejudice and Personal Bias: Plaintiff's Antitrust Case No. 6:20-cv-02270-BHH-KFM**

The Magistrate Judge Kevin McDonald continues to harass me because I am a Black man trying to defend his property. I filed on 06/16/2020 with the United States District Court District of South Carolina—Greenville Division; Case No. 6:20-cv-02270-BHH-KFM; alleging violations of Antitrust Laws against the defendants named in this Case. The magistrate Judge took it upon himself to change my cause of action from that of a "Violation of Antitrust

Laws" to that of "Patent Infringement". Upon information and belief, I believe the Magistrate continues to harass me because he believes I have "no rights that any "white" man was obliged to recognize".

> "According to the 1776 United States Declaration of Independence, all men have a natural right to "life, liberty, and the pursuit of happiness". But this declaration of liberty was troubled from the outset by the institutionalization of legalized Black slavery. Slave owners argued that their liberty was paramount since it involved property, their slaves, and that Blacks had no rights that any White man was obliged to recognize. The Supreme Court, in the *Dred Scott* decision, upheld this principle."
> Researchers point to the Supreme Court's infamous 1857 *Dred Scott* ruling that Americans of African descent, whether free or enslaved, were not U.S. citizens. The decision essentially precluded Black people from patenting their inventions. "That practice, in and of itself, said this process is not for you," said Shontavia Johnson, an attorney and entrepreneur who also serves as associate vice president for entrepreneurship and innovation at Clemson University.

I filed an objection to Case no. 6:20-cv-02270-BHH-KFM; filed 06/16/2020 in the South Carolina District Court—Greenville Division, being docketed as "patent infringement" as the cause of action and "Patent" (810) as the nature of the case. The cause of action should be Antitrust (410). **Exhibit B:** Objection to Change in the Cause of Action

I have a case pending at the U.S. District-District of South Carolina (Grenville Division); Case No.: 6:20-cv-2270-BHH-KFM. The magistrate judge denied my objection to the Court labeling my Antitrust complaint as a Patent Infringement complaint, thus making it easy for him to dismiss my complaint under 12(b)(6); failure to state a claim under 35 U.S. Code § 271—Patent Infringement). Just what the Magistrate did.

My case was dismissed by the Magistrate Judge, who stated my case was frivolous (to fantastic and/or to unbelievable). In other words, "a Black man is incapable of inventing a CMDC (i.e. smartphone) device because I lack the brain capacity to do so.

I have been turned down by two law firms because they were uncomfortable with the "political posture" of the case. They have every right to be. If I were a lawyer, I wouldn't take the case knowing I would have to spend time, money, and other resources arguing the cause of action before arguing the merits of the case.

Until the Magistrate removes as a cause of action "patent infringement", in this case, on appeal from this Court, who can say which Appeals Court has jurisdiction. If I am appealing a patent infringement case, which I am not, from the District Court, my appeal goes to the United States Court of Appeals for the Federal Circuit. If I am appealing a violation of antitrust laws case, which I may have to, from the District Court, my appeal goes to the United States Court of Appeals for the Fourth Circuit. Simply put, the Magistrate Judge needs to set aside his prejudices and correct the cause of action to reflect a violation of antitrust laws.

As a Pro Se, I researched Antitrust Law complaints submitted to the federal courts by "whites" from all over the country. The research reveals that the general format or standards for pleading violations of Antitrust Laws are basically the same. As a Pro Se, I followed the format for drafting Antitrust Law complaints that were submitted by "whites", accepted by the Judges, and not challenged by the defendants or Judges on jurisdiction, or whether the plaintiff has stated a claim for which relief can be granted.

Following, are two cases submitted as a cause of action "violation of antitrust laws": ***Julie Cook,*** on behalf of herself and all others similarly situated, Plaintiff, v. *Nvidia Corporation; ATI Technology, Inc.; and Advanced Micro Devices, Inc.*, Defendants, **Exhibit C** and ***Larry Golden,*** on behalf of himself and all others similarly situated, Plaintiff, v. *(1) APPLE INC. (2) SAMSUNG ELECTRONICS, USA (3) LG ELECTRONICS, USA, INC. (4) QUALCOMM INC. (5) FORD GLOBAL TECHNOLOGIES, LLC (6) GENERAL MOTORS COMPANY (7) FCA*

*US LLC*, Defendants. Although both pleadings are basically the same, the only case that was challenged and denied under Rule 12(b)(6) at the District level for "frivolousness" and "conclusory formulaic recitations of the elements of patent infringement as to each defendant" is Larry Golden, a Black man, in *Golden v. Apple, Inc. et al.*

In preparation of my antitrust complaint, I was well aware that my allegations of antitrust law violations are subject to the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). I knew that under this standard, a court must dismiss a complaint if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, and that this "facial plausibility" standard requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, it requires me to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; see *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). I understood that although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 570, I chose to prepare an antitrust law violation complaint on "heightened fact pleading of specifics". I alleged in my antitrust law violation complaint "enough fact[s] to raise a reasonable expectation that discovery will reveal…" that the defendant(s) are liable for the misconduct I alleged. *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (alteration in original) (quoting *Twombly*, 550 U.S. at 556).

Below, a comparison is made of Julie Cook (a white plaintiff) and Larry Golden (a black plaintiff) cases submitted to the U.S. District Court for the District of South Carolina. Julie Cook's complaint was accepted as is, without a challenge of 12(b)(1) or 12(b)(6). Larry

Golden's complaint was dismissed because it "fails to allege enough facts to state a claim to relief that is plausible on its face." Julie Cook's (a white plaintiff) complaint does not include estimates, graphs, charts, or diagrams, but was accepted without a challenge. Larry Golden's (a black plaintiff) complaint includes seven (7) estimates, six (6) graphs, ten (10) charts, and three (3) diagrams to support the "enough factual allegations" requirement. The estimates of injury are included to show at least one motive to conspire; the graphs are included to show the growth of the economy, related to the alleged conspirators; the charts are included to show the plaintiff was in possession of the technology at the time the alleged conspiracy began; and, the diagrams are include to further describe the products the plaintiff was restrained from bringing to market.

At the most basic level, "restraint of trade" is any activity that prevents another party from conducting business as they normally would without such a restraint.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CASE NO.**

**Julie Cook,** on behalf of herself and all others similarly situated, Plaintiff,
v.
Nvidia Corporation; ATI Technology, Inc.; and Advanced Micro Devices, Inc., Defendants

(The Sherman Act §1: Motive to Form a Conspiracy; Conspiracy; and Unreasonable Restraint on Trade). (Violation of South Carolina Consumer Protection and Unfair Competition Laws; Unjust Enrichment and Disgorgement of Profits)

   I.   JURISDICTION AND VENUE
   II.  DEFINITIONS
   III. THE PARTIES
         a. The Plaintiff
         b. The Defendants
         c. Co-Conspirators
   IV.  CLASS ACTION ALLEGATIONS
   V.   NATURE OF TRADE AND COMMERCE
   VI.  DEFENDANT'S ILLEGAL CONDUCT
   VII. ACTIVE CONCEALMENT
   VIII. VIOLATIONS ALLEGED
         a. First Claim for Relief
              i. (Violation of Section 1 of the Sherman Act)

        b. Second Claim for Relief
            i. (Violation of the South Carolina Consumer Protection and Unfair Competition Laws)
        c. Third Claim for Relief
            i. (Unjust Enrichment and Disgorgement of Profits)

IX. PRAYER FOR RELIEF
X. DEMAND FOR JURY TRIAL

*Note: This case does not include estimates, graphs, charts, or diagrams*

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF SOUTH CAROLINA - GREENVILLE

**Larry Golden,** on behalf of himself and all others similarly situated, Plaintiff,
v.
(1) APPLE INC. (2) SAMSUNG ELECTRONICS, USA (3) LG ELECTRONICS, USA, INC. (4) QUALCOMM INC. (5) FORD GLOBAL TECHNOLOGIES, LLC (6) GENERAL MOTORS COMPANY (7) FCA US LLC, Defendants

(The Sherman Act §1: Motive to Form a Conspiracy; Conspiracy; and Unreasonable Restraint on Trade). (Violation of South Carolina Consumer Protection and Unfair Competition Laws; Unjust Enrichment and Disgorgement of Profits)

I. COMPLAINT FOR ANTITRUST LAW VIOLATIONS
II. JURISDICTION AND VENUE
III. TOLLING OF THE STATUTE OF LIMITATIONS
IV. THE PARTIES
        a. The Plaintiff
        b. The Defendants
        c. Co-Conspirators
V. CLASS ACTION ALLEGATIONS
VI. NATURE OF TRADE AND COMMERCE
        a. Communicating, Monitoring, Detecting, and Controlling (CMDC) Devices
        b. Stall, Stop, and Vehicle Slow-Down System (SSVSS)
        c. Lock Disabling Systems
        d. Network Connected Vehicles (NCV): CMDC Device (i.e. Smartphone) & Vehicle's Operating Systems
VII. RELATED CASES
VIII. DEFENDANT'S ILLEGAL CONDUCT
        a. Sherman Act § 1: "Motive to Form a Conspiracy": (Apple, Samsung, LG, Qualcomm)
        b. The Conspiracy: (Apple, Samsung, LG, Qualcomm)
        c. The Conspiracy: (GM, FCA, and Ford)
IX. ACTIVE CONCEALMENT

X. <u>VIOLATIONS ALLEGED</u>
   a. First Claim for Relief
      i. (Violation of Section 1 of the Sherman Act)
   b. Second Claim for Relief
      i. (Violation of the South Carolina Consumer Protection and Unfair Competition Laws)
   c. Third Claim for Relief
      i. (Unjust Enrichment and Disgorgement of Profits)

XI. <u>SOUTH CAROLINA FINANCIALS</u>
   a. Damage to Class: "Every South Carolina State Taxpayer and Unemployed

XII. <u>DAMAGE ESTIMATES: CMDC DEVICE</u>

XIII. <u>DAMAGE ESTIMATES: CMDC DEVICE/STALL, STOP, VEHICLE SLOWDOWN SYSTEM</u>
   a. *Estimated South Carolina Tax Revenue (Class Damage)*
   b. *Estimated Damage to Private Litigant*

XIV. <u>DAMAGE ESTIMATES: LOSS OF S.C. MANUFACTURING and DISTRIBUTION FACILITIES; LOSS OF WAGES; and, LOSS OF TAXABLE REVENUE FOR EVERY S.C. TAXPAYER (the "CLASS")</u>
   a. *Estimated Labor Force Damages to the "Class": South Carolina*
   b. *Estimated Damage to Private Litigant*

XV. <u>PRAYER FOR RELIEF</u>

XVI. <u>DEMAND FOR JURY TRIAL</u>

*Note: This case includes seven (7) estimates, six (6) graphs, ten (10) charts, and three (3) diagrams to support the "enough factual allegations" requirement.*

Respectfully submitted,

S/ *Larry Holden* (signature)

Larry Golden, *Pro Se* Plaintiff
740 Woodruff Rd., #1102
Greenville, South Carolina 29607
atpg-tech@charter.net
(Phone) 864-288-5605

16