IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Larry Golden, | ) | Case No.: 6:20-cv-02270-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Apple Inc., Samsung Electronics USA, LG | ) | |
| Electronics USA Inc., Qualcomm Inc., Ford | ) | |
| Global Technologies LLC, General Motors | ) | |
| Company, FCA USA LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kevin F. McDonald ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Plaintiff Larry Golden ("Golden" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this Complaint alleging violations of the Sherman Act, violations of the Clayton Act, and violations of South Carolina Law by the Defendants. (DE 1.) Plaintiff alleges that he owns certain intellectual property technology (i.e., Communicating, Monitoring, Detecting, and Controlling (CMDC) devices, Stall, Stop, and Vehicle Slow-Down Systems (SSVSS); Lock Disabling Systems; and, Network Connected Vehicles (NCV) which Defendants have conspired to develop

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

as their own without Plaintiff's knowledge.[2] (DE 1, p. 16.) Further, Golden alleges the Defendant corporations and business entities engaged in a "secret conspiracy" to prevent the plaintiff from entering the market with his CMDC device for which he has several patents. (DE 1.) Golden also alleges that the Defendants have deprived him of royalty compensation and/or licensing compensation as a result of their actions. Plaintiff filed this action as a purported class action, alleging that the purported class (defined as each South Carolina tax-paying citizen) has been indirectly harmed by the Defendants' actions based upon lost tax revenue from Golden.[3] (DE 1.)

Since Golden filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, the District Court is authorized to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a Defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Accordingly, on September 11, 2020, the Magistrate Judge issued the Report given his initial review of the pleadings. The Report recommended summary dismissal of the complaint without prejudice, issuance of service of process, or leave to amend his complaint. The Report further recommended that this Court consider the entry of sanctions against Golden in the future should he continue to file frivolous litigation in this Court. (DE 16.) In support of the Magistrate's recommendation, the Report took judicial notice that the instant matter represents Golden's fourth unsuccessful

---

[2] Plaintiff claims patents for the devices and that Defendants have infringed on patents 10,163,287 ('287 patent); 9,589,439 ('439 patent); 9,096,189 ('189 patent); RE43,990 ('990 patent); RE43,891 ('891 patent); and 7,385,497 ('497 patent) and that he is owed royalties.

[3] By Order dated July 14, 2020, the Court notified the Plaintiff that this action would be considered as filed solely on the Plaintiff's behalf because the Plaintiff cannot file or maintain a lawsuit on behalf of others. (DE 9.); see also Myers v. Loudon Cty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005) (noting that although an individual has the right to represent himself/herself by statute—28 U.S.C. § 1654—that right does not "create a coordinate right to litigate for others"). The Court also notified the Plaintiff that "although the plaintiff asserts various claims, they all involve infringement of his patents (see generally doc. 1); thus, this case has been opened as a patent infringement matter." (DE 9.)

action regarding his patents (and infringing actions).  See Golden v. Apple Inc., et al., C/A No. 6:19-cv-02557-DCC, 2020 WL 415896 (D.S.C. Jan. 27, 2020), aff'd C/A No. 20-1508, --- F. App'x ---, 2020 WL 5240656 (Fed. Cir. Sept. 3, 2020) ("Case Number 3"); Golden v. United States, C/A No. 1:19-cv-00104-EGB (Fed. Cl.), dismissal aff'd 955 F.3d 981 (Fed. Cir. 2020) ("Case Number 2"); Golden v. United States, C/A No 1:13-cv-00307- SGB, stayed pending patent review, at doc. 186 (Fed. Cl.) ("Case Number 1"); In re Patent Number RE 43,990, https://portal.uspto.gov/pair/PublicPair# (choose patent number, enter RE43990, and then click Image File Wrapper) (last visited September 16, 2021), petition denied June 25, 2020.

Accordingly, the Report recommend dismissal of Plaintiff's complaint because *inter alia* Plaintiff's antitrust claims are premised on unsuccessful patent infringements claims that have been adjudicated, and even if they were valid, his complaint still fails because it "offers only vague generalities and block quotes of statutes, cases and treatises, but nowhere points [] to any nonfrivolous allegations of . . . any claim".  (DE 16, p. 9.)  Moreover, Plaintiff's State law claim under South Carolina Unfair Trade Practices Act (SCUTPA) is deficient because he has not shown that the Defendants' actions adversely affected the public interest.  (DE 16, p. 10.)

Golden filed an objection to the Report on September 16, 2020 (DE 19); however, to be actionable, objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing

3

Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. <u>See</u> <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff makes the following "objections" to the Report, which the Court will discuss *seriatim*. First, Plaintiff objects to the Magistrate Judge changing Plaintiff's cause of action from "violation of antitrust laws" to "patent infringement" and combining/joining the same. (DE 19, pp. 1-2.) Golden contends that the Magistrate's decision to change his cause of action to patent infringement was motivated by a racial animus towards him to make it easier to dismiss his claim under Rule 12(b)(6), Fed. R. Civ. P.[4] This Court categorically rejects the notion that the Magistrate acted with any racial prejudice or bias in the Report, to include his recommendations in this case. However, the Court agrees that this case should not be "opened as a patent infringement matter" when his causes of action are listed under other cognizable legal theories. Therefore, the Court modifies the Report to the extent it changes Plaintiff's causes of action and overrules the Magistrate's previous order finding the same. (DE 9.) However, overruling the Magistrate's order *alone* regarding how this case is classified on the docket (i.e., patent (810) vs. antitrust (410)) is a distinction without a difference because it does not resolve the deficiencies in Golden's complaint.

Nonetheless, Golden objects to the Report's recommendation that this case be dismissed under Rule 12(b)(6), Fed. R. Civ. P., where the Report found that Golden's claims were frivolous.

---

[4] Plaintiff also objects to the Magistrate Judge racially motivation (sic) recommendation of imposing sanctions on Plaintiff for being a Black inventor who is filing complaints against 'white' defendants. As noted herein, the Court rejects the notion that the Magistrate acted with any racial animus in any respect here. Moreover, Plaintiff misconstrues the Report's recommendation which provides "that the United States District Judge assigned to this case consider the entry of sanctions against the plaintiff *in the future* should the plaintiff continue to file frivolous litigation in this court." (DE 16, 11.) Accordingly, since the event described herein has not occurred (future frivolous filings), the Court overrules this objection.

The Magistrate comprehensively and in detail addressed the issues surrounding this objection in the Report. The Magistrate found that "although the plaintiff's complaint asserts various claims, they all rely upon alleged infringement of the plaintiff's patents". (DE 16, p. 7.) The Report correctly concluded that:

> Indeed, the plaintiff, who unsuccessfully sought damages against many of the defendants in the court for patent infringement in Case Number 6:19-cv–2557-DCC, here, appears to seek relief for the same infringing actions by dressing the case as asserting violations of the Sherman Act, the Clayton Act, and various South Carolina Laws

(DE 16, p. 7-8.) Further, the Report noted that the "plaintiff's patent infringement claims are subject to dismissal because the plaintiff has failed to include factual allegations beyond the identities of the defendants, reference to the CMDC device, and the alleged infringed-upon patents" which was the basis for the dismissal in Plaintiff's previous case alleging patent infringement claims. Therefore, this Court overrules this objection.[5]

Next, Plaintiff objects to the Magistrate Judge's recommendation that this case be dismissed under Rule 12(b)(1) Fed. R. Civ. P., for lack of subject matter jurisdiction. The Court finds that Golden's objection is non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation because the Report does not recommend dismissal of this case for lack of subject matter jurisdiction. Therefore, this objection is overruled.

After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation as modified and incorporates it herein.

---

[5] Plaintiff's objection also attempts to seek solace in the fact that he copied another antitrust lawsuit purportedly "submitted by 'whites', accepted by judges, and not challenged . . . whether the plaintiff has stated a claim for which relief can be granted." (DE 19, p. 12.) Without overindulging this hyperbole, Plaintiff's *sample* lawsuit fails to reconcile the fact that he has filed four lawsuits stemming from alleged patent infringement claims, to include the present suit *pro se* and *in forma pauperis,* which is not identical to the facts in his referenced *sample* lawsuit. Also, Plaintiff overlooks the fact that his *sample* reference lawsuit was settled before any responsive pleadings or motions were filed by the parties. Accordingly, this Court is not persuaded by Plaintiff's arguments in this regard.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is dismissed without prejudice and without the issuance of service of process.

**AND IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
September 20, 2021

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.